# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-2767

_____

Kenneth Edward Werbach

*Plaintiff - Appellant*

v.

University of Arkansas; Claretha Hughes; Michael T. Miller; Carsten Schmidtke

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: April 3, 2018
Filed: April 26, 2018
[Unpublished]

_____

Before WOLLMAN, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Kenneth Werbach appeals the district court's[1] adverse grant of summary judgment in an action alleging that he was discriminated against by the University of

_____

[1] The Honorable P.K. Holmes, III, Chief Judge, United States District Court for the Western District of Arkansas.

Arkansas (where he was an online graduate student) and three faculty members, in violation of sections 503 and 504 of the Rehabilitation Act (RA) and Titles II and III of the Americans with Disabilities Act (ADA).  We deny his motion to supplement the record with additional evidence.  See Dakota Indus., Inc. v. Dakota Sportswear, Inc., 988 F.2d 61, 63 (8th Cir. 1993).

Having reviewed the record and the parties' arguments on appeal, we conclude that summary judgment was properly granted, as section 503 of the RA and Title III of the ADA do not apply to the instant case, see 29 U.S.C. § 793 (§ 503 of RA bars employment discrimination); 42 U.S.C. § 12181 (Title III of ADA bars discrimination by public accommodations and commercial facilities); most of Werbach's allegations did not allege discrimination based on a protected class; and, to the extent that he alleged disability-based discrimination, he did not present any evidence from which a reasonable trier of fact could conclude that the disability was the sole or motivating factor behind the challenged conduct, see 29 U.S.C. § 794 (§ 504 of RA bars discrimination "solely by reason" of disability by, inter alia, a state entity); 42 U.S.C. § 12131 (Title II of ADA bars discrimination based on disability by, inter alia, a state entity); Amir v. St. Louis Univ., 184 F.3d 1017, 1027, 1029 n.5 (8th Cir. 1999) (recovery under RA requires showing disability served as "the *sole* impetus" for adverse action; recovery under ADA requires showing defendant took adverse action based on plaintiff's disability) (emphasis in original).

The judgment is affirmed.  See 8th Cir. R. 47B.

_____